EDWARD ABEND, Adm'r,

v.

SOLOMON MUELLER.

1. DECLARATIONS OF DECEASED—ADMISSIBLE AS PART OF RES GESTÆ.—After plaintiff had proved that the deceased, during the last years of his life, was in possession and control of the property in question, and exercising acts of ownership over it, the declarations of the deceased during this time, claiming the property as his own, were admissible as a part of the *res gestæ*.

2. DECLARATIONS AGAINST INTEREST.—The property in question was claimed by appellee to have been given to himself and brother (since deceased) by their father some years before the father's death, and that they held it in common until the brother's death. *Held*, that where there is community of interest, the declarations of one may be used against the co-owner, and it was, therefore, competent to show declarations of the deceased brother in regard to the property, made while the community of interest existed.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed September 29, 1882.

Mr. WILLIAM C. KUEFFNER, for appellant; that the declarations of a party in possession of personal property are part of the *res gestœ*, and may be given in evidence against a third party, where the title to the property is in controversy, cited Amick v. Young, 69 Ill. 542; Whitaker v. Wheeler, 44 Ill. 442; Taylor v. Lusk, 9 Iowa, 444; Blake v. Graves, 18 Iowa, 312; Ross v. Hayne, 3 Greene, 211; Stephens v. Williams, 46 Iowa, 543; Roepke v. Andrews, 26 Wis. 311; Ricord v. Williams, 7 Wheat. 59; U. S. v. Lot of Jewelry, 13 Blatchf. 60; Thomas v. Wheeler, 47 Mo. 363; Hadley v. Carter, 8 N. H. 40.

Where there is a community of interest the declaration of one of the parties is evidence against the rest: Snyder v. Laframboies, Breese, 343; Hitt v. Allen, 13 Ill. 592; 2 Starkie on Evidence, 30; 1 Greenleaf's Ev. § 177; Wharton's Ev. § 1192.

A parol gift of chattels is incomplete without delivery or some equivalent act: The People v. Johnson, 14 Ill. 342; Carpenter v. Davis, 71 Ill. 395.

Mr. WILLIAM WINKELMAN, Mr. ROBERT A. HALBERT, Mr. CHARLES F. NOETLING and Mr. WILLIAM F. NOETLING, for appellee; that the declarations of a former co-owner are not admissible against the other co-owner, cited Wharton's Ev. 1107; 1 Greenleaf's Ev. § 147.

A demand was necessary before bringing suit: 6 Wait's Actions and Defenses, 205.

BAKER, P. J. George Christian Mueller died on the 27th of March, 1870, leaving an alleged last will and testament. A bill to set aside the will was filed in 1875, and decree was entered setting it aside in 1877; and that decree was affirmed in the Supreme Court in 1878. See Mueller v. Rebhan, 94 Ill. 142. Letters of administration on the estate of said Mueller were issued in 1880, more than ten years after his

death, to appellant.  This action of trover was then prosecuted by appellant against appellee to recover the value of personal property alleged to have belonged to said George Christian Mueller at the time of his death.  There was at that time a large amount of personal property on the farm; and the farm was owned by him and he died thereon.  The claim of appellant is that this personal property belonged to deceased at the time of his death, and was of the value of about $20,000; and that appellee and his brother, George Mueller, since deceased, took possession of this property and converted it to their own use.  On the other hand, appellee insists that his father, George Christian Mueller, some years before his death, made a gift of this property to him and his brother George, and delivered it to them; and that at the time of their father's decease, they were the owners of it.  The father had been a widower for some years and resided on the farm, as also did his two unmarried sons, appellee and said George, while his two married daughters resided elsewhere.  The father was quite old and infirm, and the business on the farm was for a number of years managed, at least to a very considerable extent, by the two sons.  The property now in question consisted very largely of live stock on the farm, farming utensils and machinery, and products of the farm.  Appellant introduced testimony, both positive and of a circumstantial character, showing, at least *prima facie*, that the father was, during the latter years of his life and up to the time of his death, in the possession and control of the property, and exercising acts of ownership over it; and then offered to prove declarations of the father, made during this time, claiming the property as his own.  The court refused to allow testimony of this character to go to the jury.  As the case then stood before the jury, the father was in possession, and what he said while thus in possession, was a part of the *res gestæ* and admissible as such. The fact is undisputed the father owned the farm, and for very many years had owned all the personal property thereon and all the proceeds of the farming operations carried on there; he still remained at home, on his own land, but had become very infirm from age, and much of the care and control of the

property devolved upon his sons who lived with him. The question was, did he still retain his ownership of and dominion over the personal property? It was as competent to show he continued to claim the property as his own, as it was to show he continued to exercise acts of ownership over it, by offering to sell it or otherwise. It is begging the whole question to say appellee afterward introduced witnesses who testified otherwise as to the possession and control of the property. The declarations of the father would not, of course, be conclusive, but they would be proper to be considered by the jury, with all the other facts in evidence; and it would be entirely competent for appellee to controvert the *prima facie* fact the father was in possession at the time the declarations were made. We are of opinion the court erred in excluding this testimony. Appellee claimed the property was given to him and his brother some five years before the father's death, and that from that time he and his brother continued to own the property in common and conduct the business on the farm for their joint benefit, until, some years subsequent to the father's death, the brother died, and by his will, left all his property to him, appellee. Where there is a community of interest and design, the declaration of one party is evidence against the other. We therefore think it was error to refuse to admit testimony as to statements in regard to the personal property made by George Mueller to the assessor, at the time it was, about a year before the father's death, assessed in the name of the father; and evidence of other statements made by him in regard to the property, while the community of interest and business still existed. Any former assertions, actions or claims of appellee himself in regard to the property now in controversy, that afford any presumption against him, would be competent testimony. But, we do not understand proof of the claims, assertions or conduct of his attorneys in the trial of the will case, would be admissible in evidence, without special authority from the client therefor, was shown. Appellee, while a witness upon the stand in his own behalf, made statements to the jury as to material facts and transactions occurring before the death of appellant's intestate.

Against the explicit directions of the court, and the repeated objections of appellant, he persisted in so doing. These statements should have been excluded from the jury. We also think the cross-examination of this witness, more especially considering his interest in the result of the suit and the character of the transactions involved in the controversy, was unduly restricted. We see no substantial objection to any of the instructions given for appellee. For the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.